## LYTLE *v.* ANCHOR DUCK MILLS.

There was no error in any of the rulings on the admission of evidence which were complained of.    The evidence demanded the verdict as rendered, and there was no error in directing the jury to find the same.

Argued May 8, — Decided June 29, 1903.

Complaint for land.    Before Judge Henry.    Floyd superior court.    October 2, 1902.

*Fouché & Fouché,* for plaintiff.
*McHenry & Maddox,* for defendant.

FISH, J.  This was an action by Lytle against the Anchor Duck Mills, to recover a parcel of land.  The judge directed a verdict in favor of the defendant, and this ruling is assigned as erroneous. Both parties claim under Schlessinger as a common grantor.  On January 4, 1893, Schlessinger conveyed a tract of land, embracing the land in dispute, to Lytle, Hight, and Glover; Lytle to have an undivided two-thirds interest and Glover and Hight to have an undivided one-third interest.  On January 14, 1893, Lytle executed a mortgage to Glover and Hight on his two-thirds interest in the property bought of Schlessinger, to secure a debt of $4,000. On February 9, 1893, Glover and Hight executed a bond for titles to Lytle to their one-third interest in the property bought from Schlessinger.  This bond was surrendered to the obligors on June 1, 1897.  On February 18, 1893, Lytle, Hight, and Glover conveyed to Byars a portion of the Schlessinger purchase, which embraced the premises in dispute.  On September 27, 1894, Byars conveyed to Lytle the tract just referred to.  On November 4, 1895, Lytle executed to Glover and Hight a mortgage on his two-thirds interest in the land purchased from Schlessinger, describing the same in the exact language used in the mortgage of January 14, 1893.  The two mortgages were foreclosed and the executions levied upon the land described therein ; and at the foreclosure sale, on the regular sale day in June, 1897, Glover and Hight became the purchasers, to whom the sheriff conveyed the two-thirds interest of Lytle.  On May 4, 1897, a tax execution for $136.25 against Lytle, for his State and county taxes for 1895, was levied upon the one-third interest in the Schlessinger land described in the bond for titles of February 9, 1893 ; and at the tax sale, which took place on the same day as the foreclosure sale above referred to, Glover and Hight became the purchasers, to whom the sheriff conveyed the property.  On October 19, 1900, Glover and Hight conveyed to the defendant a tract of land embracing the land in dispute.

We think it clear from the foregoing statement that the defendant acquired the paper title to the land in dispute.  It was included in the Schlessinger purchase, and under that purchase Lytle was owner of two thirds of it and Glover and Hight one third.  Byars under his conveyance obtained all the interest of Lytle, his equity of redemption in the two thirds and his equity under the bond for

titles to the one third, and all the interest of Glover and Hight, the legal title to the one third and the mortgage interest in the two thirds. It is therefore apparent that Byars was the absolute owner of the property as against Lytle, Hight, and Glover. Therefore Lytle, under the conveyance from Byars, became the absolute owner of the property, and was the owner at the date of the mortgage of November 4, 1895. The description in this mortgage was broad enough to include the two-thirds interest in the property bought from Byars by Lytle, and hence title to this two-thirds interest passed to Glover and Hight under the foreclosure sale. While Lytle acquired the entire interest in the property in dispute under the Byars deed, his mortgage to Glover and Hight covered only a two-thirds interest. He was therefore the owner of a one-third interest in the property at the date of the levy of the tax execution against him; and as this levy embraced the property in dispute, the purchasers at the tax sale acquired title to the one-third interest. At the date of the deed of Glover and Hight to defendant they were the owners of the entire interest in the property in dispute, and the defendant acquired the legal title to the property from them. It becomes necessary now to determine whether the record discloses anything which would break the force of this legal title in such a way as to have required the question of title to be submitted to a jury. As to the one-third interest sold at the tax sale, it is said that the sale was void, because the levy was excessive, as well as for the reason that Lytle held only a bond for title to the property, and, having paid none of the purchase-money, he had no leviable interest in the property. There was no evidence from which a jury could properly have found this levy to be excessive. While the levy was on a one-third interest in the Schlessinger purchase and the execution was for less than $150, it does not appear what was the value of this interest at the date of the levy; nor do any other facts appear which would have authorized a finding that the levy was excessive. Lytle acquired title to the one-third interest in the property in dispute, under the Byars deed, independently of the bond for titles; and it was therefore immaterial whether any part of the purchase-money was paid under the bonds for titles, so far as the Byars land is concerned. As to the other portions of the Schlessinger land this question might be material. The levy was broad enough in its terms to include the Byars

land, and hence' whatever interest Lytle had at the date of the levy in that land passed under the tax sale. But let it be conceded that none of the purchase-money had been paid, and that the tax sale was therefore void. The legal title to the property was in Glover and Hight, and they could convey the property subject to the bond for titles held by Lytle. The defendant then obtained the legal title to the one-third interest under the deed from Glover and Hight, but subject to the rights of Lytle under his bond for titles, if it bought with notice of the bond for titles. Even if Lytle has, since the surrender of his bond for titles on June 1, 1897, any interest in the land, he can not assert it in an action of ejectment against one holding under his vendor, until he shows that he has complied with the terms of his bond. Under no view of the case was Lytle entitled to recover the one-third interest in the present action.

The defendant claimed that under an arrangement made between it and Mrs. Lytle, acting at all times through her husband, Lytle was estopped from claiming any interest in the property in dispute. Having reached the conclusion that all of Lytle's interest passed out of him at the foreclosure and tax sales, it is not necessary to determine the questions arising under the arrangement above alluded to.

It was claimed by the plaintiff that it was never understood between him and Glover and Hight that the Byars land was to be embraced in the second mortgage or should pass under the sales referred to. The second mortgage, the sheriff's deeds, and other papers in the record are, as we have seen, sufficiently broad in their terms to embrace the Byars land, and there is nothing to indicate that it was to be excluded from their operation. Such being the case, as long as these papers stand unchanged and unreformed, their terms must be allowed to control. If there was in fact an agreement or arrangement between Lytle, Glover, and Hight, that the Byars land was not to be embraced in the mortgage or other papers and was not to pass under the sales under these papers, Lytle may have a remedy, but he can take nothing in the present case, which is a simple action of ejectment, in which his prima facie case is completely met by conveyances showing title out of him into the defendant. As we understand the evidence, the verdict as directed was the only legal verdict that could have been rendered. The motion for a new trial contains, in addition to the general grounds and amplifications thereof, several special grounds complaining of

rulings on the admission of evidence.    If there were any errors at all in any of these rulings, they were not of such a character as to have required the granting of a new trial.    We find no reason for reversing the judgment.

<i>Judgment affirmed.    All the Justices concur.</i>